UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEBIYU SHEFREW SOLOMAN, 075674-7,<br><br>Plaintiff,<br><br>v.<br><br>JAY PITCHFORD, Deputy Public Defender, et al.,<br><br>Defendant(s). | Case No. 23-cv-04254-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 2) |

**I.**

Plaintiff Nebiyu Shefrew Soloman filed the instant pro se civil rights action under 42 U.S.C. § 1983 shortly after the Sonoma County Superior Court on July 6, 2023 found him mentally incompetent to stand trial on state criminal charges and entered an order committing him to a state hospital for treatment pursuant to California Penal Code section 1370.  Plaintiff broadly alleges that his deputy public defender, the deputy district attorney, the presiding superior court judge and their respective offices have failed to protect his federal constitutional rights during his ongoing state criminal and civil commitment proceedings.  Plaintiff seeks federal court intervention in the proceedings as well as damages against the named defendants.  He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

**II.**

Based solely on his affidavit of poverty, plaintiff's motion for leave to proceed IFP (ECF No. 2) is GRANTED.  But his IFP complaint will be dismissed under 28 U.S.C. § 1915(e)(2) because it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

### III.

It is well established that federal courts should not enjoin or otherwise interfere with pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is flagrantly and patently violative of express constitutional prohibitions. See Younger v. Harris, 401 U.S. 37, 43-54 (1971) (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every clause, sentence and paragraph, and in whatever manner it is applied). Younger abstention also covers pending state civil enforcement actions that involve important state interests and afford adequate opportunity to raise constitutional issues. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

The rationale of Younger applies throughout state appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. See Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

Here, the rationale of Younger requires that this court abstain from entertaining plaintiff's request for federal court intervention in his ongoing state criminal and civil commitment proceedings unless plaintiff shows that special circumstances warrant federal intervention. Cf. Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (pre-sentence habeas action). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal intervention in ongoing state criminal or civil commitment proceedings appropriate. Cf. id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)). Plaintiff makes no such showing of special circumstances. His broad allegations of ineffective assistance of counsel and failure by deputy district attorney and presiding judge to protect his federal constitutional rights in the state proceedings are unfortunate but not enough to warrant federal court intervention.

Because Younger abstention is appropriate as to plaintiff's request for federal court intervention, the court may not retain jurisdiction over plaintiff's request for federal court intervention and must dismiss it. See Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d

791, 799 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988).  But the court need not also dismiss on abstention grounds plaintiff's claims for damages.  See Gilbertson v. Albright, 381 F.3d 965, 981 (9th Cir. 2004) (en banc) (when damages are sought and Younger principles apply, federal court should refrain from exercising jurisdiction temporarily and stay claims for damages until state proceeding no longer pending).

Unfortunately for plaintiff, his claims for damages under 42 U.S.C. § 1983 against his deputy public defender, the deputy district attorney, the presiding superior court judge and their respective offices for ineffective assistance of counsel and failure to protect his federal rights during the ongoing state criminal and civil commitment proceedings must be dismissed under 28 U.S.C. § 1915(e)(2) because they "fail[] to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  First, a public defender does not act under color of state law, an essential element of an action under § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments.  Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).  It matters not that the public defender failed to exercise independent judgment or that he was employed by a public agency; it is the nature and context of the function performed by the public defender that is determinative under Polk County.  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (en banc).  Second, a state prosecuting attorney enjoys absolute immunity from damages under § 1983 for his conduct in "pursuing a criminal prosecution" or analogous action insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Third, a state judge enjoys absolute immunity from damages under § 1983 for acts performed in his judicial capacity.  See Pierson v. Ray, 386 U.S. 547, 553-55 (1967).  He "will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 62 (1978) (citations omitted).  And finally, neither the office of the deputy public defender, the office of the deputy district attorney nor the office/court of the

3

presiding superior court judge can be liable for damages under §1983 on the apparent theory that they are somehow responsible for the actions or omissions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### IV.

For the foregoing reasons, plaintiff's IFP complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) because it "fails to state a claim on which relief may be granted," and "seeks monetary relief against a defendant who is immune from such relief."

**IT IS SO ORDERED**.

Dated: November 7, 2023

_____
CHARLES R. BREYER
United States District Judge